Jennifer A. Kearns (SBN 125588)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619 744 2200
Facsimile:  619 744 2201
E-mail:  jkearns@duanemorris.com

Attorneys for Defendant
Walmart Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HASKINS, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br>       v.<br>WALMART, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC. a Delaware corporation; and DOES 1 through 25,<br><br>             Defendants. | Case No.<br>**'19CV943   JAH   LL**<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(d)(2)**<br><br>Complaint Filed:   April 18, 2019 |

DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Walmart Inc. (sued herein as Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc.) ("Walmart") hereby removes the above-captioned action, *Haskins v. v. Wal-Mart Associates, Inc.* et al. in the Superior Court of the State of California for the County of San Diego, Case No. 37-2019-00020149-CU-OE-NC, from the California Superior Court for the County of San Diego to the United States District Court for the Southern District of California, pursuant to the Class Action Fairness Act (CAFA), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.1.  Walmart hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

**1. SUMMARY OF PLEADINGS**

1.   On April 18, 2019, Plaintiff Justin Haskins filed a complaint entitled *Haskins v. v. Wal-Mart Associates, Inc.* et al. in the Superior Court of the State of California for the County of San Diego, Case No. 37-2019-00020149-CU-OE-NC (the "State Court Action").  The State Court Action is a putative class action. The State Court file is attached collectively as **Exhibit B**, in addition to the summons and complaint that is attached separately as **Exhibit A**.

**2. NATURE OF THE COMPLAINT**

2.   Plaintiff Haskins alleges that he and other salaried employees who worked for Walmart in California during the alleged class period were not paid all vested vacation pay due them at the time of discharge.

**3. TIMELINESS OF REMOVAL**

A notice of removal must be filed within 30 days after receipt by service or otherwise of the pleading which makes the defendant a party to the state action.  28 U.S.C. § 1446(b)(1).

**4. STATEMENT OF JURISDICTION**

This case is removable to federal court pursuant to the Class Action Fairness Act of 2005 because the putative class involves at least 100 persons, the aggregate amount in controversy will be in excess of $5 million and there is diversity of

citizenship between plaintiff Haskins, a citizen of the State of California, and Walmart, which is a citizen of the State of Arkansas.

### 5. THE AMOUNT IN CONTROVERSY IS MET

The amount in controversy requirement is satisfied as the aggregate amount in controversy exceeds $5 million.

### 6. SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to the claims in the action that they form part of the same case or controversy. In order for state law claims to remain in federal court, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Each of Plaintiff's claims arise from the same actions allegedly taken by defendant.

### 7. VENUE

Venue lies in this Court because Plaintiff's Action is pending in this district. See 28 U.S.C. § 1441(a).

### 8. CONCLUSION

Because Walmart has timely filed a Notice of Removal of an action for which this Court has original jurisdiction through diversity jurisdiction and federal question, the action must be removed to this Court.

Walmart will also timely file a Notice to Adverse Party of Removal to Federal Court in the Superior Court of the State of California.

1 | In filing this Notice of Removal, Walmart does not waive, and specifically
2 | reserves, all defenses, exceptions, rights and motions.  No statement herein, or any
3 | omission, shall be deemed to constitute an admission by Walmart of any of the
4 | allegations or damages sought in the Complaint.

5 | Dated:  May 20, 2019               **DUANE MORRIS** LLP

7 |                                   By: /s/Jennifer A. Kearns
                                        Jennifer A. Kearns
                                        Attorneys for Defendant Walmart Inc.