

COPY

1  Jennifer A. Kearns (SBN 125588)
**DUANE MORRIS LLP**
2  750 B Street, Suite 2900
San Diego, CA 92101-4681
3  Telephone: 619 744 2200
Facsimile: 619 744 2201
4  E-mail: jkearns@duanemorris.com

5  Attorneys for Defendant
Walmart Inc.

6

7



FILED
NORTH COUNTY DIVISION

2019 MAY 16 PM 3: 12

(7)
CLERK- SUPERIOR COURT
SAN DIEGO COUNTY, CA

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF SAN DIEGO-NORTH COUNTY DIVISION

10

| | |
|---|---|
| 11   JUSTIN HASKINS, individually and on behalf of all others similarly situated, | Case No. 37-2019-00020149-CU-OE-NC |
| 12 | |
| 13                      Plaintiffs,  v. | ANSWER OF WALMART ASSOCIATES INC. TO PLAINTIFF'S COMPLAINT |
| 14   WALMART, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC. a Delaware corporation; and DOES 1 through 25, | Judge:        Earl H. Maas, III Dept.:        N-28 Complaint Filed:  April 18, 2019 |
| 15 | |
| 16 | |
| 17                      Defendants. | |

18          Defendant Walmart Inc., erroneously sued herein as Walmart, Inc. and Wal-Mart

19  Associates, Inc. ("Defendant"), answers the unverified Complaint ("Complaint") of plaintiff JUSTIN

20  HASKINS individually as follows:

21                    I.     **GENERAL DENIAL**

22          1.     Pursuant to California Code of Civil Procedure section 431.30(d), which permits a

23  general denial to an unverified Complaint, Defendant denies each and every material allegation in

24  each of the causes of action asserted in Plaintiff's Complaint. Defendant further denies that any of

25  Plaintiff's rights or the rights of alleged representative action members were violated, or that they

26  have suffered any damages as a consequence of Defendant's actions. Defendant also denies that

27  Plaintiff and alleged representative action members are entitled to any legal or equitable relief.

28

ANSWER TO PLAINTIFF'S COMPLAINT

## II.   AFFIRMATIVE DEFENSES

2.      Defendant, without admitting any of the allegations in Plaintiff's Complaint, sets forth below its separate and independent affirmative defenses.  By setting forth these affirmative defenses, Defendant does not assume the burden of providing any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended to nor shall it be interpreted as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's Complaint.

3.      Defendant expressly denies the existence of any alleged group of aggrieved persons that Plaintiff purports to represent in this matter.  Defendant incorporates (as if fully set forth therein) this express denial into each affirmative defense set forth herein.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

4.      The Complaint, and each purported cause of action contained therein, is barred because it fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

5.      Plaintiff's claims and those of purported representative action members are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

6.      By reason of the acts and omissions of Plaintiff and purported representative action members, Plaintiff and purported representative action members are estopped from entitlement to any recovery in accordance with Section 3517 of the California Civil Code, which states that no one can take advantage of his or her own wrong.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

7.      Plaintiff's claims and those of purported representative action members are barred, in whole or in part, by the doctrine of laches.

Removal - Exhibit B, Page 22

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3    8.    Defendant alleges that Plaintiff and purported representative action members are

4    barred, in whole or in part, from any affirmative recovery by reason of their own unclean hands.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Ratification)

7    9.    Plaintiff's claims and those of some or all of the purported representative action

8    members are barred, in whole or in part, because Plaintiff and the purported representative action

9    members ratified, consented to or acquiesced to Defendant's acts or omissions.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### (Conduct Reasonable and in Good Faith/Not Willful)

12    10.    Plaintiff's claims and those of purported representative action members are barred, in

13    whole or in part, because Defendant has at all times acted in good faith, in conformity with and in

14    reliance on statute, common law and the written administrative regulations, orders, rulings,

15    guidelines, approvals and/or interpretations of courts and governmental agencies, and on the basis of

16    a good faith and reasonable belief that Defendant had complied fully with applicable laws.

17

## EIGHTH AFFIRMATIVE DEFENSE

18

### (Justification)

19    11.    Defendant's actions respecting the subject matters alleged in Plaintiff's Complaint,

20    and each of them, were undertaken in good faith, for legitimate business reasons and without any

21    unlawful intentions and constituted lawful, proper, and justified means to further their sole purpose

22    of engaging in and continuing its business.

23

## NINTH AFFIRMATIVE DEFENSE

24

### (Release of Claims)

25    12.    The action is barred to the extent Plaintiff and/or purported representative action

26    members have released, settled, and/or discharged Defendant from any actionable claims.

27

28

3

1

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

13.    Defendant alleges that without conceding that there are any wages and/or monies due, there existed a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Representative Action Not Manageable)**

14.    Defendant alleges that this case is not properly maintained as a representative action because of the difficulties likely to be encountered in the management of a representative action and the individualized issues that make a representative action unsuitable.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

15.    Defendant alleges that Defendant's discovery and investigation in this matter are ongoing.  Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**III.    PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff's Complaint and all claims therein be dismissed with prejudice;

2.    That Plaintiff and purported representative action members take nothing by virtue of this action;

4

ANSWER TO PLAINTIFF'S COMPLAINT

Removal - Exhibit B, Page 24

1    3.    For costs of suit incurred herein, including attorneys' fees;

2    4.    For an order of this Court denying all relief sought by Plaintiff herein; and

3    5.    For such other and further relief as this Court may deem just and proper.

4    Dated: May 16, 2019                    **DUANE MORRIS LLP**

5

6                                     By: _____
                                           Jennifer A. Kearns
7                                          Attorneys for Defendant Walmart Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5
ANSWER TO PLAINTIFF'S COMPLAINT