UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HASKINS,<br><br>                   Plaintiff,<br><br>v.<br><br>WALMART INC., et al.,<br><br>                   Defendants. | Case No. 19cv0943-JAH (LL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT (Doc. No. 8)** |

## INTRODUCTION

Pending before the Court is Plaintiff Justin Haskins' ("Plaintiff") Motion to Remand to State Court ("Motion"). <u>See</u> Doc. No. 8. Defendant Wal-Mart Associates, Inc. ("Defendant") filed a response in opposition. <u>See</u> Doc. No. 10. The Motion is fully briefed. After careful review of the pleadings submitted by both parties, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

This case was removed to this Court on May 20, 2019. <u>See</u> Doc. No. 1. On June 17, 2019, Plaintiff filed the Motion to remand. <u>See</u> Doc. No. 8. Plaintiff's class action complaint alleges (1) failure to pay vested vacation at time of termination in violation of Labor Code Section 227.3; (2) failure to pay unpaid wages at time of separation in violation of Labor Code §§ 201 and 202; and (3) violation of Business Professions Code §§ 17200

1

*et seq.* Id. Defendant filed its response in opposition to the Motion on July 29, 2019. See Doc. No. 10. Plaintiff filed a reply on August 1, 2019. See Doc. No. 11.

## DISCUSSION

### I. Legal Standard

The federal court is one of limited jurisdiction. *See* Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the Class Action Fairness Act of 2005 ("CAFA"), original federal jurisdiction is established over class action lawsuits where (1) any member of the proposed plaintiff class is a citizen of a state different from any defendant; (2) the proposed class consists of more than 100 members; and (3) the amount in controversy exceed $5,000,000, aggregating claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6). The burden is on the party invoking the federal removal statute to demonstrate federal subject matter jurisdiction over the case and that removal is proper, supporting its jurisdictional allegations with competent proof. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990).

//

//

## II. Analysis

Plaintiff argues that Defendant provides no evidence or facts in support of removal to this Court. Doc. No. 8-1 at pg. 2. Plaintiff contends that Defendants fail to meet its burden of showing that the amount in controversy exceeds $5,000,000. <u>Id.</u> at pg. 3. Plaintiff asserts that the complaint does not plead a specific amount or seek a specific amount of damages, and Defendant has not made an attempt to satisfy its burden of proof in showing the amount in controversy. <u>Id.</u> at pgs. 3-4.

In response, Defendant asserts that, as of April 30, 2019, there were 1,910 known putative class members from California. Doc. No. 10 at pgs. 4-5. Defendant also asserts that the state minimum wage on April 18, 2015 was $9.00 per hour, $10.00 per hour on January 1, 2016, $10.50 on January 1, 2017, $11.00 on January 11, 2018, and $12.00 on January 1, 2019. <u>Id.</u> Defendant posits that the average of these figures is $10.66 per hour. <u>Id.</u> Defendant contends that applying a $10.66 per hour minimum wage, assuming an eight-hour work day, to the 1,910 person putative class, would generate a total of $4,866,544. <u>Id.</u> at pgs. 5-6. Defendant argues that attorneys' fees can be included to determine whether the $5,000,000 CAFA threshold is met, and assuming each putative class member had a total of $59.40 in attorneys' fees, the $5,000,000 requirement is easily satisfied. <u>Id.</u> at pg. 6.

In his reply, Plaintiff argues that Defendant improperly relied on unreasonable assumptions to establish the amount in controversy. Doc. No. 11 at pg. 5. Plaintiff asserts that Defendant bears the burden of proof, and Defendant still has not produced sufficient evidence to meet this burden. <u>Id.</u> at pg. 6. Plaintiff contends that Defendant has not presented any sort of calculation for attorneys' fees. <u>Id.</u> at pgs. 8-10.

The Court agrees with Plaintiff. The Court finds that Defendant has not met its burden of establishing that a $5,000,000 amount in controversy exists. When trying to establish Labor Code section 203 penalties, Defendant does not offer any specifics as to which putative class members were employed during what period of time. <u>See</u> Doc. No. 10 at pgs. 5-6. Defendant also does not specify which putative class members were

employed at what wage level or offer a reasonable method of calculation in attempting to demonstrate the amount in controversy. Id. Instead, Defendant uses an average state minimum wage of $10.66, derived from wage figures from a four-year timespan, and assumes that each putative class member worked eight-hour work days. Id. The Court finds that Defendant has not sufficiently demonstrated that the putative class accumulated $4,886,544 in Labor Code section 203 penalties.

The Ninth Circuit has determined that attorneys' fees can be included in assessing whether the $5,000,000 amount in controversy is met, but a court is not required to include attorneys' fees in the calculation. See Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F. 3d 785 (9th Cir. 2018). Here, Defendant does not offer any competent evidence of attorney hours to be spent on the case, the hourly rates to be charged or data to consider the loadstar approach in calculating fees. Defendant's estimate of attorneys' fees is as speculative as its estimate of damages. The court does not include attorneys' fees in the calculation.

For these reasons, there is a lack of competent proof supporting Defendant's jurisdictional allegations. The Court finds that Defendant has not demonstrated with competent proof federal subject matter jurisdiction.

## CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to remand (Doc. No. 8) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: September 25, 2019

JOHN A. HOUSTON
United States District Judge

4